Michael Jayne 442947
3075 N. Main st
Spanish Fork, ut 84660
Pro se

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
FEB 06 2026
GARY P. SERDAR
CLERK OF COURT
BY ______
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH CENTRAL DIVISIONS

MICHAEL JAYNE
Plantiff,

v.

JONSTAN KANTOR, individually and in his official capacity as Lieutenant at utah County Jail, Robert Clark, individually and in his official capacity as Lieutenant at utah County Jail, FNU FILLERUP, individually and in her official capacity as sergeant at utah County Jail, JEFFREY MCFARLAND, individually

COMPLAINT AND DEMAND FOR JURY TRIAL

42 USC § 1983

Case: 2:26-cv-00109
Assigned To : Parrish, Jill N.
Assign. Date : 2/9/2026
Description: Jayne v. Kantor et al

and in his official capacity
as sergeant at the utah county
Jail, Matthew Higley, individually and
in his official capacity as Chief Deputy
of the utah County Jail.
Defendants.

INTRODUCTION

This is a civil rights action filed by Michael Jayne, a pretrial detainee, housed at the utah County Jail, in spanish fork, utah, for damages and injunctive relief under 42 U.S.C § 1983 - alleging interference and access to counsel, and conspiracy to interfere with Jaynes access to counsel, in violation of the First Amendment, SIXTH Amendment and fourteenth Amendments to the united states Constitution. Further claims under the first Amendment for Retaliation - Violation of utahs Article 1 § 7, 12 and 15 of the utah Constitution. Jayne has exhausted his Administrative Remedies.

# JURISDICTION

1. The court has jurisdiction over plaintiffs claims of federal constitutional rights under 42 USC § 1331(1) and 1343.

2. The court has diversity jurisdiction over plaintiffs claims of utah state constitutional rights, as plaintiff is a citizen of California and all defendants are citizens of utah. As such diversity is present in this case, as it pertains to seperate violations under utahs state Constitution.

# PARTIES

3. The plaintiff Michael Jayne, at all times was housed as a pretrial detainee at the utah county jail in spanish fork, utah.

4. Defendant Jonstan Kanter, as Lieutenant employed by the utah county sheriffs office in spanish fork, ut is sued in his individual and official capacity.

5. Defendant Robert clark, as lieutenant employed by the utah county sheriffs office in spanish fork, ut. Plantiff is informed and believes Lt. clark first name is Robert, if he is incorrect, he will amend his complaint to provide the proper first name during discovery. He is sued in his individual and offical capacity.

6. Defendant First Name unknown, FNU Fillerup, as sergeant employed by the utah county sheriffs office in spanish fork, ut. She is sued in her individual and official capacity.

7. Defendant Jeffrey Mcfarland, as Sergeant employed by the utah county sheriffs office in spanish fork, ut. He is sued in his individual and offical capacity.

8. Defendant Matthew Higley is the chief Deputy and Commander of the utah county jail.

Higley is responsible for the policies and procedures that are enforced at the Jail, including reviewing all administrative Grievances filed by Plaintiff, concerning defendants obstruction, interference, Restricting Jaynes right to Confer and Consult with counsel of his choice at the utah county Jail. He is sued in his individual and official capacity.

9. All the defendants knew or should have known Jayne had an absolute right to meet with, confer, consult with any attorney of his choice and knew or should have known that restricting and interfering with that right is a violation of Jaynes state and federally protected rights.

10. All the defendants acted with wanton, Callous and reckless disregard for Mr. Jaynes

civil rights.

11. All the defendants have acted, and Continue to act, under color of state law at all times relevant to this complaint.

FACTS

12. on December 21, 2025 Mr. Jaynes Lawfully retained federal civil attorney JKs. Askar came to the Jail around 8:00 P.M to meet with his client Mr. Jayne. Concerning the case in which Askar represents Jayne on In this court Estate of Billy Hooser v. Michael Jayne. where Mr. Jayne is being sued for damages. On the orders of Lt. Kantor and clark, Matthew Higley and Sgt. fillerup and Sgt. Mcfarland, told the visiting officer, John Doe, to block Askar from seeing Jayne. Askar was restricted from visiting with his client Jayne.

13. Higley and Lt. clark. and Kantor met in December 10, 2025 and entered into an unlawful conspiracy to create a illegal policy directed to Jayne, to block any other attorney, but Jaynes appointed criminal attorneys from visiting Jayne. Higley, clark and Kantor gave directives to fillerup, McFarland to not allow Jayne to consult or visit with any attorney that is not Jaynes criminal attorneys appointed by the criminal court.

14. Higley, clark and Kantor have a policy to allow attorneys to visit with their clients Monday-Sunday 365 days a year starting 8:00Am through 11:00 A.M.- 1:00 P.M through 4:00P.M and finally 6:30 P.M through 9:00 P.M. The Jail has 3 visiting booths that are non-contact

visits and 4 attorney rooms within the Jail, that are contact visits.

15. On December 21, 2025 there was only one visit that was going on at 8:00 P.M when Askar was turned away. Deputy John Doe, Sgt. McFarland, Sgt. Fillerup knew or should have known that Jayne had an absolute right to meet with Askar, but for no apparent reason, other than Higley, Clark, Kanter's standing orders, Jayne was deprived his right to visit Askar.

16. On December 28, 2025 again deputy John Doe turned Askar away, saying that "because Askar is not appointed on his criminal case, civil attorneys are not allowed to visit with Jayne, per Higley, Clark

and Kanters orders. Askar showed Deputy Doe that he was assigned to Jaynes federal civil suit, and Doe said Askar could not meet with Jayne.

17. Higley, Clark, Kantor do not require any attorney to get prior authorization to meet with any inmate at the Jail. All any attorney has to do, is show up and they are not required to give notice.

18. Further Jayne is the only one in the Jail where Higley, Kantor and Clark have retaliated and specifically targeted Jayne to meet with his attorneys.

19. Askar is representing Jayne in the alleged wrongful Death lawsuit filed on behalf of the fallen officer Billy Hooser's wife and Estate.

20. Jayne currently is suing Higley, Clark, Kantor before this Court and believes that there actions are retaliation for him exeercising his rights to sue and filing complaints against unlawful Conditions of Confinement. And he believes he Continues to be targeted and retaliated against by Higley, Kantor, Clark, Fillerup McFarland for his pending criminal charges, allegeding crimes against law enforcement.

21. On or about January 27. 2026 JG Askar again asked to meet with his client Jayne at around 3:20 P.M. The Deputy John Doe harassed Askar. by again telling him he cannot meet with Jayne. Askar Threatened the Deputy Doe, that he would file a federal civil rights suit for the ongoing interference with Counsel.

22. Finally on January 27, 2026 Deputy Doe allowed Askar to meet with Jayne, but said, "They are breaking the Rules and making an exception". Askar visited with Jayne for 5 minutes total.

23. Askar is from the Salt Lake City area and it takes an hour to drive to the jail each way.

24. Further Higley, Clark, Kanter and Fillerup stated to Askar on or about beginning of December of 2025, that Jayne cannot meet in person and have contact visits with any of his attorneys that are not assigned to his Capital murder case.

25. This restriction is further violations of Jaynes access to Counsel and his Criminal attorneys assigned in Jaynes Aggravated Assault Case.

26. Jayne when he met with his public Defenders in December, was handcuffed and in waist chains and could not pick up the phone to hear his attorneys.

27. Jaynes right to have contact visits with all of his attorneys is Causing him to not being able to participate in access to Counsel, listen to what they are saying, take notes ect.

28. there is no safety and security reason why his access to have contact

Visits is being restricted. As Jayne is allowed contact visits with his Capital defense attorneys.

FIRST CLAIM FOR RELIEF
HIGLEY, CLARK, KANTOR, FILLERUP
ILLEGAL INTERFERENCE AND RESTRICTIONS
VIOLATE JAYNES FIRST AMENDMENT RIGHT
to MEET WITH ASKAR AND ANY ATTORNEY
of HIS CHOICE AT THE JAIL

29. Higley, Clark, Kantor, Fillerup have all collectively violated Mr. Jaynes first amendment rights to meet and Consult with any attorney of his choice at the utah County jail. Additionally they have violated his rights by restricting Jaynes currently assigned federal civil attorney several times.

Blocking Azkas from seeing Jayne.

SECOND CLAIM FOR RELIEF

CONSPIRACY TO VIOLATE JAYNES ACCESS TO HIS ATTORNEY IN VIOLATION OF HIS FIRST AND FOURTEENTH AMENDMENT RIGHTS

30. Higley, Kantor, Clark and Fillerup all collectively met and conspired to violate W. Jaynes absolute right and access to any attorney of his choice as guaranteed by the first and Fourteenth Amendments and be free from a conspiracy to violate his civil rights.

THIRD CLAIM FOR RELIEF

JAYNES ACCESS AND RIGHT
TO CONSULT WITH HIS ATTORNEY
PROTECTED BY ARTICLE 1 §
12 OF THE UTAH CONSTITUTION

31. Jaynes rights protected by by Arictle 1 § 12 of The Utah Constitution has been violated by Higley, Clark, Karter and Fillerup by restricting Jaynes access to Askar. Further Higley and Clarks policy to restrict Contact visits with Jayne and his Public Defenders and lawyers not on his Capital murder Case violates Article 1 § 12. As its impeding Jaynes ability to Communicate with Counse!

Fourth claim for Relief

JAYNES RIGHTS UNDER ARTICLE 1 § 15 OF THE UTAH CONSTITUTION IS BEING VIOLATED BY RESTRICTING JAYNES RIGHT AND ACCESS TO HIS COUNSEL

32. Jaynes right to meet with his Attorney JG Askar has been blocked and restricted twice already and his right to meet and consult with Attorney of his choice is being violated by Higley, Clark and Kanter and restricting his right to free speech in violation of utahs Constitution Article 1 § 15.

FIFTH CLAIM FOR RELIEF

JAYNES RIGHTS PROTETED BY ARTICLE 1 § 7 UNDER THE UTAH CONSTITUTION HAS BEEN VIOLATED BY DEFENDANTS RESTRICTING JAYNES ACCESS to HIS COUNSEL

33. The utah Constitution states " No person shall be deprived of life, liberty, or property, without due process of law. Defendants Higley, Clark, Kantor all violated Jaynes right to due process, by restricting Jaynes right to meet with his attorney, who is representing or defending him in the pending federal wrongful death lawsuit.

SIXTH CLAIM FOR RELIEF

JAYNES RIGHT TO HAVE CONTACT VISITS WITH ANY ATTORNEY OF HIS CHOICE AT THE JAIL IS BEING DENIED IN VIOLATION OF HIS RIGHTS UNDER THE FIRST, SIXTH AND FOURTEENTH AMENDMENTS OF THE U.S CONSTITUTION

34. Higley and clark have enacted an illegal policy to restrict Jayne to have Contact visits with his attorneys, that are not his capital defense attorneys. Jaynes Public Defenders are not allowed to meet with Jayne in person. Also Jaynes federal civil attorney is not allowed Contact visits with Jayne. Jayne cannot hear his attorneys, based on the

unreasonable security restrictions that prevent Jayne from reaching the Telephone to talk to his attorneys. Jayne is allowed to meet with his Capital defense attorneys Rudy Bautista and Jonathan Nish in person. However, Higley and Clark have refused to allow Jayne to meet with his Public Defenders, federal civil attorney, investigators on his case, defense experts such as psych experts ect from meeting with Jayne in Person. This is a flagrant sixth Amendment violation, first Amendment violation and fourteenth Amendment violation.

SEVENTH CLAIM FOR RELIEF

HIGLEY AND CLARK HAVE ACTIVELY RETALIATED AGAINST JAYNE BY RESTRICTING HIS ACCESS TO ANY COUNSEL of HIS CHOICE FOR FILING COMPLAINTS AND GRIEVANCES AGAINST THEM IN VIOLATION of THE FIRST AMENDMENT

35. Jayne has filed multiple complaints against Higley and Clark through the inmate grievance system for misconduct committed by Higley and clark. Higley and clark have had special meetings and conferences, imposing restrictions on Jayne, that they do not impose on any other inmate. specifically targeting Jaynes access to counsel and harassing his counsel. clear Retaliation in violation of the first Amendment.

EIGHTH CLAIM FOR RELIEF

HIGLEY AND CLARK AND KANTER HAVE SELECTIVELY TARGETED JAYNES ATTORNEYS AND ACCESS to COUNSEL VIOLATING THE CLASS of ONE DOCTRINE IN VIOLATION OF THE FOURTEENTH AMENDMENT of THE U.S CONSTITUTION

36. Higley, clark and Kanter have singled out Jayne over all other inmates in the Jail and gave instructions to visiting Sgt. Fillerup and Mcfarland, instructions that state illegally" to not allow any attorney who tries to meet with Jayne, that is not his assigned criminal attorneys, to be turned away from visiting Jayne! No other inmate in the Jails attorneys have been restricted or harassed by

jailers. All other inmates in the jail are allowed to consult and have visits with any attorney of their choice at the jail whether criminal or civil. This is a violation of the fourteenth Amendments Class of one doctrine. Higley and Clark and Kanter are singling out dayne and Jaynes absolute first Amendment Right to meet with any attorney of his choice at any time.

# PRAYER FOR RELIEF

A. Issue declaratory Relief that:

1. Higley and Clark have violated Jayne's absolute right to have visits from any Attorney, in violation of his first and fourteenth Amendments of the U.S and Utah Constitution.

2. Higley and Clarks policy restricting Jayne from having contact visits violates his rights under the sixth and fourteenth Amendment.

B. Issue an Injunction ordering Higley and Clark, or their agents to:

1. Immediately allow any attorney to visit Jayne at the Utah County Jail, whether they are civil or criminal attorneys;

2. Immediately allow any attorney to have contact visits with Jayne, including his Public Defenders and Jaynes' civil Attorneys;

3. Immediately allow any attorney

experts including investigators, experts, psych experts to be able to have contact visits with Jayne at the Jail;

C. Award compensatory damages damages in the following amounts;

1. 100,000.00 jointly against Higley, Clark, Kanter, McFarland, Fillerup

2. 100,000.00 against Higley and Clark Kanter for Turning JG Askar away several times;

3. 50,000.00 against McFarland, Fillerup for the ongoing interference with Jaynes access to Counsel;

4. Punitive Damages according to proof;

5. Appointment of Counsel;

6. Any and all other relief the Court deems proper, including costs & fees;

7. Attorneys fees if Counsel is secured or appointed under 42 USC 1988

Dated: February , 2026

Michael Jayne
Michael Jayne